# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SIXTO LIZARDO, | ) | CASE NO. 4:10cv1343 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN RUSHING, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

    Petitioner *pro se* Sixto Lizardo, incarcerated at the Northeast Ohio Correctional Center, Youngstown, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. In June 2000, a jury in the United States District Court for the Eastern District of Pennsylvania found him guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 240 months in prison. Petitioner filed an appeal in the United States Court of Appeals for the Third Circuit which affirmed the district court on December 11, 2002. *United States v. Lizardo*, 54 Fed. Appx. 87 (3d Cir. 2002). His Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 was denied on September 22, 2005. He did not appeal, but instead, filed an unsuccessful Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(4). On March 8, 2006, the court of appeals affirmed the district court's denial of his Motion for Reduction of Sentence. *United States v. Lizardo*, 169 Fed. Appx. 731 (3d Cir. 2006). Subsequently, the Third Circuit affirmed the district court's decision denying

Petitioner's § 2255 and Rule 60(b)(4) Motions. *United States v. Lizardo*, 309 Fed. Appx. 564 (3d Cir. 2009). The district court's denial of his Petition for Writ of Audita Querela was affirmed on March, 23, 2010. *United States v. Lizardo*, 2010 WL 1048476 (3d Cir. Mar. 23, 2010).

Petitioner contends that his right to a jury trial was violated when his sentence was increased based on a drug quantity found by the district court instead of by the jury. He relies on *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), just as he did in his appeals regarding reduction of sentence and § 2255 Motion.

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Section 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The § 2255 remedy is not considered inadequate or ineffective, however,

simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Petitioner had previously attempted an appeal, a Motion for Reduction of Sentence, Motions under § 2255 and Rule 60(b)(4) and a Petition for Writ of Audita Querela, and had raised the very issue now presented. 28 U.S.C. § 2241 cannot be used when other methods have failed. Moreover, *Blakely* and *Booker* do not apply retroactively to cases whose direct appeal concluded before their decisions which occurred in 2004 and 2005. *Arias v. Hudson*, 589 F.3d 315, 318 (6th Cir. 2009); *Lloyd v. United States*, 407 F.3d 608, 616 (3d Cir. 2005); *United States v. Seabrookes*, 2010 WL 2554000 * 1 ( D.N.J., Jun. 21, 2010).

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 9, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.